No. 368
### WILLIAMS v. CHRISTOPHER
Ohio Appeals, 2nd Dist., Franklin County
Nos. 1110, 1111. Decided March 13, 1924

485. EXECUTORS AND ADMINISTRATORS—Chargeable with proceeds of real estate sold within limitation of year in Pennsylvania as devisee under the will.

BY THE COURT.

Epitomized Opinion
Published Only in Ohio Law Abstract

Applications for rehearing as to the right of the Ohio courts to charge Williams as the executrix of the estate of Johnson with the sum of $3,500 received by her for real estate in Pennsylvania, sold as devisee under the provisions of the will. It was claimed that she was chargeable with said amount because she had sold the real estate within one year after the death of the testatrix and brought the proceeds into Ohio, and because the one year statute of Pennsylvania was not a statute of limitations as against the heir or devisee. The court held:

1. The Pennsylvania courts have held the statute one of limitation and Ohio courts should follow Pennsylvania courts as to this, but the executrix is chargeable with the amount of said real estate because she sold said real estate within one year and became chargeable therewith as executrix in Ohio.

Attorneys—Pugh & Pugh and L. A. Alcott, for Williams; J. M. Hengstand and L. W. Jones, for Christopher, all of Columbus.

---

No. 369
### HELMUTH v. HESSLER
Ohio Appeals, 8th Dist., Cuyahoga County
Nos. 4741, 4740. Decided Jan. 14, 1924
Middleton, Sayre and Mauck, JJ., sitting

313. CORPORATIONS—Directors knowing corporation insolvent, held liable to purchaser of stock represented sold to erect new plant.

MIDDLETON, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in the Common Pleas wherein H. H. Hessler, Sr., was plaintiff and Donovan Helmuth and others, directors of the Empire Tile Co., and the company, were defendants. One of the agents of the company sold stock in the company to Hessler representing that the proceeds from the salt was to be placed in a trust fund by the company for the purpose of thereafter erecting a new plant and purchasing new equipment. Hessler averred that these representations were false and fraudulent, that no such use was made of said proceeds and that shortly after his purchase of the stock, the company went into bankruptcy. The trial court found that on the day of the sale of the stock to Hessler, the company was insolvent and the court rendered judgment for Hessler on the ground that the company, by reason of its insolvency, never was in a position to carry out its plan to erect a new plant and purchase new equipment. Hessler and the other prosecuted error. Held:

The fact of insolvency alone affords no basis for a claim for damages. The agent represent the company to be solvent. The right of recovery must rest upon the fact that, when the stock was sold to Hessler, the directors knew that they could not use the proceeds for the purposes represented by the agent and that such proceeds must necessarily go to creditors of the company. As the determination of this question in its legal effect was as if made by the verdict of a jury this court does not feel warranted in disturbing it. Judgment affirmed.

Attorneys—P. R. White, for Helmuth et al; Turney & Sipe, for Hessler. Both of Cleveland.